
DA 12-0327

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 237N

IN THE MATTER OF:

D.M.M.,

    A Youth in Need of Care.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DN 10-70
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Elizabeth L. Griffing, Axilon Law Group, PLLC; Missoula,
Montana

        For Appellee:

            Steve Bullock, Montana Attorney General; Mark W. Mattioli,
Appellate Bureau Chief; Helena, Montana

            Ed Corrigan, Flathead County Attorney, Emily von Jentzen, Deputy
County Attorney; Kalispell, Montana

Submitted on Briefs:  October 2, 2012

Decided:  October 23, 2012

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Mother M.M. appeals the order of the Eleventh Judicial District Court terminating her parental rights to D.M.M. We affirm.

¶3 The Department of Child and Family Services (Department) became involved with M.M. and her family following referrals which began in 2006. M.M. and a boyfriend were arrested for fighting in a vehicle pulled over by law enforcement in 2009. M.M. was arrested again in 2010. A Voluntary Protective Services Agreement (VPSA) was entered in November 2010 which focused on M.M.'s drug and alcohol abuse, and when M.M. failed to comply with the terms of the VPSA, the Department filed a petition for temporary custody. M.M. stipulated to the entry of a six-month temporary custody order on January 14, 2011, and agreed to a treatment plan. Temporary custody was extended by subsequent orders to January 8, 2012, or until further order of the court.

¶4 On January 6, 2012, the Department filed a petition for termination of M.M.'s parental rights, citing her failure to successfully complete her treatment requirements under the treatment plan. M.M. moved to dismiss the petition because temporary custody had expired prior to the termination hearing. She also objected to the Department's motion to permit telephonic testimony of a social worker who had moved to New Zealand. The District Court denied the motion to dismiss and permitted the social worker's telephonic testimony. After the hearing, the

District Court concluded M.M. had "failed to successfully complete her Court ordered Treatment Plan(s)" and further reasoned as follows:

> The Court has given significant consideration to MM's fundamental rights as the natural parent to DMM. However, MM's failure/inability to meet the core elements of her Treatment Plan in a timely manner signifies she has a limited ability/interest in exercising her fundamental rights in a responsible manner. Ultimately, there is no way to conclude that MM should be afforded the opportunity to exercise her fundamental rights as DMM's parent given her history of actions and inactions.

The Court noted that D.M.M. had been in foster care 15 out of the most recent 22 months and accordingly cited the presumption under § 41-3-604(1), MCA, that termination of parental rights was in D.M.M.'s best interest.

¶5 On appeal, M.M. argues that the District Court erred by denying M.M.'s motion to dismiss after expiration of temporary custody, by permitting the telephonic testimony of the social worker, by adopting the Department's proposed findings and conclusions, and by applying the presumption under § 41-3-604(1), MCA.

¶6 We review a district court's decision to terminate parental rights for abuse of discretion. *In re L.H.*, 2007 MT 70, ¶ 13, 336 Mont. 405, 154 P.3d 622. Because a parent's right to the custody of his or her children is a fundamental right, district courts must make specific findings of fact as provided in § 41-3-609, MCA. *In re L.H.*, ¶ 13. Section 41-3-609, MCA, provides that parental rights may be terminated if a court finds that clear and convincing evidence establishes the parents failed to comply with an appropriate treatment plan that has been approved by the court. We review these findings of fact to determine whether they are clearly erroneous. *In re L.H.*, ¶ 13. We review a district court's conclusions of law for correctness. *In re L.H.*, ¶ 13. We have held that the presumption under § 41-3-604(1), MCA, "neither eliminates the substantive requirements of § 41-3-609, MCA, nor diminishes the clear and convincing burden of proof on

3

the party seeking termination of parental rights." *In re B.H.*, 2001 MT 288, ¶ 29, 307 Mont. 412, 37 P.3d 736.

¶7      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶8      We affirm the judgment of the District Court.


                                                              /S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER